Donna R. Dishbak – SBN 259311
**DISHBAK LAW FIRM**
18375 Ventura Blvd., #142
Tarzana, CA 91356
Telephone: (818) 921-6321
Facsimile: (800) 752-4614
Email: donna@dishbaklaw.com

Attorney for Plaintiff/Creditor,
MARYAM SEYEDAN

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>  MICHEL KANAAN KANAAN,<br><br>                      Debtor(s).<br>_____<br><br>  MARYAM SEYEDAN,<br><br>                      Plaintiffs(s),<br>  vs.<br><br>MICHEL KANAAN KANAAN,<br>KANAAN INTERNATIONAL, INC.,<br>BEAUTY ILLUSIONS, INC., BEAUTY<br>LIVE FOREVER, INC., and OILAN,<br>INC., and DOES 1 through 50, inclusive,<br><br>                      Defendant(s).<br>_____ | CHAPTER   7<br>CASE NO.:  1:16-bk-10443-VK<br>ADV. NO.:  1:16-ap-        -VK<br><br>**COMPLAINT OBJECTING TO<br>DISCHARGE OF DEBT UNDER<br>11 U.S.C. § 523(a)(2), (a)(4) AND (a)(6).** |

COMES NOW Plaintiff, MARYAM SEYEDAN, (hereinafter "Seyedan" or "Plaintiff") by and through their undersigned attorneys, brings this Complaint to Determine the Non-Dischargeability of Debts Pursuant to 11 U.S.C. § 523 (a)(2), (a)(4) and (a)(6) against Defendant, MICHEL KANAAN KANAAN, (herein "Kanaan" or

"Debtor") and Defendants KANAAN INTERNATIONAL, INC., BEAUTY ILLUSIONS, INC., BEAUTY LIVE FOREVER, INC., and OILAN, INC., as Alter Egos of the Defendant, (herein "KII" or "BII" or "BLFI" or "Oilan")(collectively "Defendants") and alleges upon information and belief as follows:

## JURISDICTION

1.      The Plaintiff objects to the dischargeability of Defendant's debt owed to Plaintiff pursuant 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6) of the Bankruptcy code.

2.      The Court has jurisdiction over the instant Adversary Proceeding pursuant to 28 U.S.C. §§157(a) and 1334, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3.      This Adversary Proceeding is a core proceeding as defined under 28 U.S.C. §157(a)(2)(J).

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

## PARTIES

5.      At all times mentioned herein, Plaintiff MARYAM SEYEDAN is and was, a competent individual over 18 years old and a resident of Los Angeles County, California.

6.      At all times mentioned herein, Defendant MICHEL KANAAN KANAAN is and was, a competent individual over 18 years old and a resident of Los Angeles County, California.

7.      At all times mentioned herein, KANAAN INTERNATIONAL, INC. ("KII") is a corporation, organized and existing under the laws of the State of California, with a principal place of business located in the County of Los Angeles, State of California.

8.      At all times mentioned herein, BEAUTY ILLUSIONS, INC. ("BII") is a corporation, organized and existing under the laws of the State of California, with a principal place of business located in the County of Los Angeles, State of California.

9.      At all times mentioned herein, BEAUTY LIVE FOREVER, INC. ("BLFI") is a corporation, organized and existing under the laws of the State of California, with a principal place of business located in the County of Los Angeles, State of California.

10.     At all times mentioned herein, OILAN, INC. ("Oilan") is a corporation, organized and existing under the laws of the State of California, with a principal place of business located in the County of Los Angeles, State of California.

11.     Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1-50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of said Doe defendants when ascertained. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times mentioned herein, each of the fictitiously-named defendants conducted business in Los Angeles County, California, conspired with one or more of his, her, its, or their other defendants and/or is culpable or responsible in some manner for the conduct, acts, omissions, occurrences, injuries, and damages herein alleged, and that Plaintiff s injuries and damages were directly and proximately caused thereby. Defendants Kanaan, KII, Beauty Illusions, Inc., Beauty Live Forever Inc., Oilan Inc. and Does 1-50 are hereinafter referred to collectively as "Defendants."

12.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant is, and at all relevant times mentioned herein was, a principal, officer, director, trustee, shareholder, employee, servant, agent, representative, partner, affiliate, subsidiary, successor, assign, and/or coconspirator of one or more other Defendants named herein, who or which at all relevant times mentioned herein was acting within the course and scope of said capacity, office, position, trust, authority, employment, service, agency, representation, partnership, affiliation, assignment and/or conspiracy and with the permission and consent of one or more other Defendants named herein.

13.     Plaintiff is informed and believes, and based thereon alleges, that Defendants KII, BII, BLFI, Oilan and Does 1-25 (for the purposes of this paragraph, the

"Entity Defendants") are, and all times relevant herein were, the alter egos of Kanaan because there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Kanaan and the Entity Defendants such that any separateness between them has ceased to exist, in that Kanaan has completely controlled, dominated, managed, and operated all of the Entity Defendants and intermingled the assets of each to suit the convenience of and to benefit Kanaan. Plaintiff is further informed and beliefs that Kanaan has used the Entity Defendants for the specific purpose of shielding his personal assets in order to evade payment of the obligations owed to creditors such as Plaintiff. If the acts of Kanaan are treated as separate and apart from the acts of the Entity Defendants, such treatment would sanction a fraud and promote injustice, by allowing Kanaan to unfairly escape personal liability for his wrongdoing.

## GENERAL ALLEGATIONS

14.    In May 2009, Defendant Kanaan approached Plaintiff with a proposal that Plaintiff and he form a business partnership (the "Partnership") for the purpose of reselling Bumble & Bumble brand hair care products (the "Products") to retail beauty supply stores

15.    In connection with his proposal, Defendant Kanaan made numerous affirmative, material representations of fact to Plaintiff (the "Initial Representatio~s"): (a) Kanaan represented that he had "special relationships" with certain distributors, beauty salons and retail stores from whom he could purchase the Products at a favorable price; (b) on behalf of the Partnership, Kanaan would sell the Products, through KII, to numerous retail beauty supply stores and on-line retail sites at a price at least 20% greater than the price paid by the Partnership t6 initially purchase the Products; (c) that the Partnership would earn guaranteed profits of $20,000 per month as the result of the resale of the Products, one-half of which (i.e., $10,000 monthly) would be payable to Plaintiff as her partnership profits or "guaranteed return" on her Capital Investment ("Plaintiffs ROI"); (d) that the Capital Investment (defined below) would be used solely for the acquisition of the Products to be resold for the benefit of the Partnership or otherwise for

Partnership business and for no other purpose; and (e) the Partnership Bank Account (defined below) would be used exclusively for Partnership business.

16.     Kanaan proposed the following terms for the Partnership's agreement: (a) Plaintiff s contribution to the Partnership would be provision of an initial working capital investment of One Hundred Thousand Dollars ($100,000) (the "Capital Investment"); (b) Kanaan would be solely responsible for the on-going acquisition and subsequent resale of the Products on behalf, and for the direct benefit of the Partnership; (c) the term of the Partnership would commence as of the date on which Plaintiff made the Capital Investment, and would continue until sixty (60) days following verbal notice from Plaintiff of her intent to terminate the Partnership (the "Term"); (d) in connection with the making of the Capital Investment, Plaintiff would open a bank account for the sole use and benefit of the Partnership (the "Partnership Bank Account"), which Partnership Bank Account would be held in the name of KII; and (e) upon termination of the Partnership, the Capital Investment would be returned to Plaintiff, along with all accrued but as-yet unpaid Plaintiffs ROI.

17.     In specific and justifiable reliance upon the Initial Representations, Plaintiff agreed to enter into the Partnership Agreement on the foregoing terms proposed by Kanaan. The Term of the Partnership officially commenced immediately thereafter when, on or about May 29, 2009, Plaintiff opened the Partnership Bank Account at Wells Fargo Bank as she had been instructed by Kanaan, and deposited the Capital Investment into such Partnership Bank Account.

18.     On or about May 29, 2009, Plaintiff and Kanaan also entered into a loan agreement (the "Loan Agreement"), pursuant to which Plaintiff agreed to loan Kanaan and KII the sum of $5,092 (the "Loan") for non-Partnership business use, and Kanaan and KII agreed to repay the Loan, with accrued interest, by no later than sixty (60) days following Plaintiffs verbal notice calling the Loan due and payable. At or about the time of entering into the Loan Agreement, Plaintiff made the Loan of $5,092 to Kanaan and KIl, who immediately accepted the Loan funds.  In the second half of 2009, Plaintiff

agreed to increase the Loan by three additional sums, $3,000, $50,000, and $10,000, all of which additional sums Kanaan and KII agreed to repay, subject to the terms of the Loan Agreement, for a total Loan of $68,092. Plaintiff did, in fact, provide these additional sums totaling $63,000 to Kanaan and KII, and the Defendants immediately, as applicable, accepted the additional Loan funds.

19.     In the Fall of 2009, Kanaan and KII paid Plaintiff the sum of $20,000 in partial repayment of the Loan.

20.     In December 2009, Plaintiff gave Kanaan verbal notice that she intended to terminate the Partnership. In response, Kanaan requested that Plaintiff not exercise her right to terminate, but instead continue the Partnership and continue earning Plaintiffs ROI in the process.  Plaintiff agreed to Kanaan's request.

21.     On multiple occasions starting in or about June 2010, and ending on or about December 30, 2012, Plaintiff spoke to Kanaan and gave him verbal notice of her intent to terminate the Partnership and have the Capital Investment repaid, along with payment of all accrued Plaintiffs ROI. On each occasion, Kanaan represented that he would be able to fulfill all of his obligations under the Partnership Agreement, including fully repaying the Capital Investment and all accrued Plaintiffs ROI sums, but that he would need some additional time to do so; Kanaan ultimately represented that he would be able to perform all of his obligations under the Partnership Agreement by or about March 1,2013. Kanaan additionally represented that he would be receiving various large sums of money that were due and owing to him from family and business sources, and represented the approximate dates by which he expected to receive such sums. Collectively, the foregoing representations are referred to herein as the "Subsequent Partnership Representations." In justifiable reliance upon Kanaan's Subsequent Partnership Representations, Plaintiff ultimately agreed to extend the Term of the Partnership Agreement and the date for Kanaan's full repayment of the Capital Investment and accrued Plaintiffs ROI, to or about March 1, 2013.

22.     On multiple occasions starting in or about June 2010, and ending on or about December 30, 2012, Plaintiff spoke to Kanaan and gave him verbal notice of her intent to terminate the Loan Agreement, and to call the Loan due. Again, on each occasion, Kanaan represented that he would be able to fulfill all of his obligations under the Loan Agreement, including fully repaying the unpaid Loan balance and all interest accrued thereon, but that he would need some additional time to do so; Kanaan ultimately represented that he would be able to perform all of his obligations under the Loan Agreement by or about March 1, 2013. Kanaan additionally represented that he would be receiving various large sums of money that were due and owing to him from family and business sources, and represented the approximate dates by which he expected to receive such sums. Collectively, the foregoing representations described in this paragraph are referred to herein as the "Subsequent Loan Representations." In justifiable reliance upon Kanaan's Subsequent Loan Representations, Plaintiff ultimately agreed to extend the Term of the Loan Agreement and the date for full repayment of Loan balance and all accrued interest thereon to or about March 1, 2013.

23.     Kanaan did not repay the Capital Investment by or about March 1, 2013. To date, Kanaan has not repaid any portion of the Capital Investment to Plaintiff, and continues to fail to repay any portion of the Capital Investment to Plaintiff.

24.     Kanaan did not pay Plaintiff any of Plaintiff's ROI due and payable under the terms of the Partnership Agreement by or about March 1, 2013. To date, Kanaan has not paid any sums to Plaintiff in respect of the accrued Plaintiff's ROI due and owing to Plaintiff under the terms of the Partnership Agreement, and continues to fail to pay any portion of the accrued Plaintiff's ROI.

25.     Kanaan and KII did not repay the outstanding Loan balance, or any accrued interest thereon by or about March 1, 2013. To date, Kanaan and KII have only repaid $20,000 of the total Loan of $68,092 made by Plaintiff under the Loan Agreement, and have not paid any portion of the interest that accrued on the Loan under the terms of the Loan Agreement. Kanaan and KII continue to fail to repay any of outstanding Loan

balance of $48,092, or any portion of the interest accrued and owing under the Loan Agreement.

26.     Kanaan, having previously filed a Chapter 7 bankruptcy on May 27, 2005 (Case Number 2:05-bk-22384-VZ) was familiar with the bankruptcy process and intentionally structured his businesses and personal finances with intent to deprive his creditors of any payment.

27.     At the meeting of creditors, Kanaan testified that on October 14, 2015, only 4 months before filing bankruptcy, his wife purchased a new home for them by making a $62,000 down payment, half of which was a loan from her sister and the other half her earnings from work as a hostess at a restaurant.  Kanaan also indicated that in February 2015, only about 11 months before filing bankruptcy, his wife leased a 2015 Maserati. Neither the Maserati nor a Nissan Xterra were listed on the petition, both omissions were allegedly on account of the Debtor claiming sole ownership by his wife.

28.     Plaintiff thus contends that Kanaan has deliberately acquired all assets in his wife's name and deliberately omitted them from his schedules in order to shield them from his creditors.

## I.

## FIRST CLAIM FOR RELIEF

## 11 U.S.C. 523(a)(2)(A)

29.     Plaintiff re-alleges the allegations in paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30.     As alleged herein, Kanaan made the Initial Representations prior to entering into the Partnership Agreement with Plaintiff. During the Term of the Partnership Agreement, Kanaan made the Subsequent Partnership Representations, and during the term of Loan Agreement, Kanaan made the Subsequent Loan Representations.

31.     Plaintiff is informed and believes, and based thereon alleges that Kanaan made the Initial Representations with the intent to defraud and induce Plaintiff to enter into the Partnership Agreement and the Loan Agreement. Plaintiff is also informed and

believes, and based thereon alleges that Kanaan further made the Subsequent Partnership Representations and the Subsequent Loan Representations with the intent to defraud and induce Plaintiff to forestall termination of the Partnership Agreement and calling the Loan under the Loan Agreement. In each instance, Plaintiff did, in fact, take the action Kanaan intended to induce by making the Initial Representations, Subsequent Partnership Representations, and the Subsequent Loan Representations, as applicable, all to her detriment.

32.     Plaintiff is informed and believes, and based thereon alleges that none of the Initial Representations, Subsequent Partnership Representations, or the Subsequent Loan Representations (collectively, below, the "Representations") were true when Kanaan made them, and Kanaan knew that none of the Representations were true when he made them. Moreover, as to each Representation which embodied a promise to perform by Kanaan, Plaintiff is informed and believes, and based thereon alleges that Kanaan actually had no intention to perform the promise at the time he made such Representation.

33.     At the time each of the Representations was made, however, Plaintiff had no reason to know that the Representations were false and/or that Kanaan had no intention to perform his promises, and Plaintiff had no reasonable basis upon which to discover Kanaan's true intentions or the truth or falsity of the Representations. To the contrary, Plaintiff knew Kanaan to be a successful businessman in the beauty industry, and had no reason to believe him to be anything other than candid and truthful in his business dealings.

34.     In entering into the Partnership Agreement, Plaintiff reasonably relied upon the Initial Representations as alleged herein. Had Plaintiff known the true facts, or that the Representations were false and Kanaan did not intend to perform his promises, she would not have entered into the Partnership Agreement or, once she had entered into the Partnership and Loan Agreements, she would not have forestalled terminating such

Agreements and demanding Kanaan's performance of his payment and repayment obligations, as applicable, thereunder.

35.     Plaintiff is informed and believes, and based thereon alleges that the true facts of the matters about which Kanaan made the Representations include, but are not limited to the following: (a) Kanaan did not intend to use the Capital Investment for Partnership business, but instead intended to use it for the benefit of himself, personally, and/or the benefit of the other Defendants which he controls; (b) Kanaan did not intend to purchase and resell the Products on behalf of the Partnership on the terms represented, and did not intend that the Partnership would earn profits of $20,000 during each month of the Term; (c) Kanaan did not intend to repay the Capital Investment to Plaintiff upon sixty (60) days' notice from Plaintiff of her termination of the Partnership Agreement, or ever; (d) Kanaan did not intend to pay Plaintiff any of the accrued Plaintiffs ROI upon sixty (60) days' notice from Plaintiff of her intent to terminate the Partnership Agreement, or ever; (e) Kanaan and KII did not intend to repay the outstanding Loan balance, or any interest accrued on the Loan, upon sixty (60) days' notice from Plaintiff of her intent to terminate the Loan Agreement and call the outstanding Loan, or ever; (f) Kanaan and KII did not intend to use the Partnership Bank Account solely for transactions in furtherance of the Partnership's business, but instead intended to use and did use the Partnership Bank Account for their own independent benefit.

36.     Defendants intentionally concealed each of these facts from Plaintiff by telling Plaintiff other facts to mislead her and to prevent her from discovering the concealed facts.  Defendants concealed these facts with the intent to defraud and induce Plaintiff to, among other things, enter into the Partnership Agreement and make the Capital Investment, to enter into the Loan Agreement and make the Loan, and to forestall terminating the Partnership and the Loan Agreements and demanding that Kanaan perform all of his payment and repayment obligations (as applicable) thereunder. Plaintiff was, in fact, so defrauded and induced to act as Defendants intended.

37.    As a proximate result of Kanaan's fraudulent conduct as alleged herein, Plaintiff has been damaged in an amount to be proven at the time of trial, but which is in excess of the jurisdictional minimum of this Court.

38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in the conduct alleged herein fraudulently and with a willful and conscious disregard for the rights of Plaintiff and/or to with the intent to injure Plaintiff and/or in reckless and conscious disregard of Plaintiffs rights. As a result thereof, Plaintiff is entitled to recover, in addition to all other remedies, exemplary or punitive damages against Defendants in an amount sufficient to deter Defendants and prevent them from engaging in similar conduct in the future.

39.    Plaintiff is entitled to order excepting the debt owed by Defendant to Plaintiff pursuant to 11 U.S.C. § 523(a)(2)(A).

## II.

### SECOND CLAIM FOR RELIEF

### 11 U.S.C. 523(a)(4)

40.    Plaintiff re-alleges the allegations in paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.    As alleged herein, Plaintiff and Kanaan became partners when they entered into the Partnership Agreement in May 2009. As partners, Plaintiff and Kanaan owed one another a fiduciary duty in the course of their Partnership dealings and were obligated to, among other things, deal with one another with the highest degree of honesty and integrity, and to fully disclose to the other all material facts concerning Partnership dealings.

42.    By reason of his conduct alleged herein, Kanaan repeatedly breached his fiduciary duty to Plaintiff. Such breaches include, but are not limited to: (a) failing and continuing to fail to repay the Capital Investment to Plaintiff; (b) failing and continuing to fail to pay Plaintiffs ROI as promised; (c) using the Capital Investment for purposes other than Partnership business; (d) using the Partnership Bank Account for purposes

other than Partnership business, and failing to disclose same to Plaintiff; (e) failing to acquire and resell the Products on behalf of the Partnership, and to realize $20,000 monthly in profit for the benefit of the Partnership as required by the Partnership Agreement, and failing to disclose same to Plaintiff; and (f) making the Representations (other than the Initial Representations) to Plaintiff.

43.    As a proximate result of Kanaan's wrongful conduct as alleged herein, Plaintiff has been damaged in an amount to be proven at the time of trial, but which is in excess of the jurisdictional minimum of this Court.

44.    Defendant not only intentionally breached his fiduciary duty to Defendant as her partner, but he intentionally or recklessly mishandled the partnership funds in a manner consistent with a defalcation.

45.    Plaintiff is informed and believes, and based thereon' alleges, that Defendant had access to such funds in the partnership account and diverted funds in the account for his own personal use and thus embezzled such funds from the partnership into his own accounts.

46.    Defendant's taking of Plaintiff's assets was unlawful and without the consent of the Plaintiff and amounts to theft or larceny of the partnership assets.

47.    Plaintiff is informed and believes, and based thereon' alleges, that Defendant took the Plaintiff's assets with the intent to convert the assets for his own use and transferred partnership assets to his various other Defendant corporations.

48.    Plaintiff is entitled to order excepting the debt owed by Defendant to Plaintiff pursuant to 11 U.S.C. § 523(a)(4).

## III.

## THIRD CLAIM FOR RELIEF

## 11 U.S.C. 523(a)(6)

49.    Plaintiffs re-allege the allegations in paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50.     Plaintiff is informed and believes, and based thereon' alleges, that Defendants engaged in the conduct alleged herein fraudulently and with a willful and conscious disregard for the rights of Plaintiff and/or to with the intent to injure Plaintiff and/or in reckless and conscious disregard of Plaintiffs rights. As a result thereof, Plaintiff is entitled to recover, in addition to all other remedies, exemplary or punitive damages against Defendants in an amount sufficient to deter Defendants and prevent them from engaging in similar conduct in the future.

51.     Plaintiff is owed a debt for money obtained by conversion.

52.     Defendant deliberately and intentionally engaged in a wrongful act when he intentionally induced Plaintiff to pay funds into the partnership knowing that he would not repay them and simply file bankruptcy instead.

53.     Moreover, he deliberately and intentionally made fraudulent promises to pay Plaintiff, which he never intended to honor.  Instead Defendant intended for to put assets into his wife's name and file bankruptcy or otherwise avoid repayment.

54.     Defendant had a subjective motive to inflict injury or at least believed that injury was substantially certain to result from his conduct when Defendant intentionally and deliberately engaged in conduct which converted the Plaintiff's funds to Defendant for his own use and benefit.

55.     Defendant deliberately and intentionally intended the consequences of his actions when Defendant converted Plaintiff's funds for his own personal use.

56.     Defendant deliberately and intentionally performed a wrongful act which necessarily caused injury to the Plaintiff and was done without cause or excuse.

57.     "The conversion of another's property without his knowledge or consent, done intentionally and without justification and excuse, to the other's injury, constitutes a willful and malicious injury within the meaning of § 523(a)(6)." Petralia v. Jercich, 238 F.3d at 1208 (quoting Del Bino v. Bailey (In re Bailey), 197 F.3d 997, 1000 (9th Cir.1999)).

58.     Defendant deliberately and intentionally harmed Plaintiff when Defendant defrauded, and/or denied, delayed or hindered recovery to Plaintiff.

59.     Defendant deliberately and intentionally obtained personal gain by willfully and maliciously acting to harm Plaintiff and/or Plaintiff's rights and property interests, and Plaintiff suffered harm and injury.

60.     Plaintiff is entitled to order excepting the debt owed by Defendant to Plaintiff pursuant to 11 U.S.C. § 523(a)(6).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment as follows:

1.     For judgment that Defendant's debt to Plaintiffs is non-dischargeable under 11 U.S.C. § 523(a)(2) in the amount to be determined at trial;

2.     For judgment that Defendant's debt to Plaintiffs is non-dischargeable under 11 U.S.C. § 523(a)(4) in the amount to be determined at trial;

3.     For judgment that Defendant's debt to Plaintiffs is non-dischargeable under 11 U.S.C. § 523(a)(6) in the amount to be determined at trial;

4.     For punitive damages to be proven at trial;

5.     For Plaintiffs' attorney's fees and costs, for the filing and prosecution of this action; and

6.     On all Causes of Action, for such other and further relief, including but not limited to pre- and post-judgment interest, as the Court deems just and proper.

7.     For such other and further relief as this Court deem just and proper.


Dated:  May 19, 2016                              **DISHBAK LAW FIRM**


                                    By: _____**/s/ Donna R. Dishbak**_____
                                        **Donna R. Dishbak**
                                        *Attorneys for Plaintiff*
                                        *Maryam Seyedan*

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>MARYAM SEYEDAN | DEFENDANTS<br>MICHEL KANAAN KANAAN, KANAAN INTERNATIONAL, INC.,<br>BEAUTY ILLUSIONS, INC., BEAUTY LIVE FOREVER, INC., and<br>OILAN, INC., and DOES 1 through 50, inclusive |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Donna R. Dishbak, DISHBAK LAW FIRM<br>18375 Ventura Blvd., #142, Tarzana, CA 91356<br>Telephone: (818) 921-6321 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT OBJECTING TO DISCHARGE OF DEBT UNDER 11 U.S.C. § 523(a)(2), (a)(4) AND (a)(6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ TO BE DETERMINED AT TRIAL - approx $500k |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>MICHEL KANAAN KANAAN | BANKRUPTCY CASE NO.<br>1:16-bk-10443-VK | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>SAN FERNANDO VALLEY | NAME OF JUDGE<br>VICTORIA S. KAUFMAN |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>May 19, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Donna R. Dishbak | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.