FILED & ENTERED

FEB 01 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Michel Kanaan Kanaan<br><br><br><br>Debtor(s).| CHAPTER 7<br><br>Case No.: 1:16-bk-10443-GM<br>Adv No:   1:16-ap-01077-GM<br><br>**MEMORANDUM OF OPINION GRANTING MOTION TO DISMISS ADVERSARY PROCEEDING (Dkt. 5)** |
| Maryam Seyedan<br><br>Plaintiff(s),<br>v.<br><br>Beauty Illusions, Inc., Beauty Live Forever, Inc., Does 1 Through 50, Inclusive, Michel Kanaan Kanaan, KANAAN INTERNATIONAL, INC., Oilan, Inc.<br><br><br>Defendant(s). | Date: August 30, 2016<br>Time: 10:00 a.m.<br>Courtroom: 303 |

   Debtor/defendant Michel Kanaan ("Debtor") moves for dismissal of this adversary proceeding on the grounds that the complaint was filed after the Fed. R. Bankr. P. 4007(c) deadline for filing complaints to determine dischargeability under Bankruptcy Code §523(a)(2), (a)(4), and (a)(6).

-1-

Background:

Debtor filed for chapter 7 relief on February 16, 2016. The first §341(a) meeting of creditors was held on March 18, 2016. [bc dkt. 6]

Prior to the commencement of Debtor's chapter 7, Plaintiff Maryam Seyedan ("Plaintiff") had brought an action against the Debtor (and some affiliated corporations) in California Superior Court for the County of Los Angeles ("Superior Court"), asserting breach of contract, fraud, and breach of fiduciary duty.

Plaintiff and her Superior Court counsel Jeffrey Spitz were each served with notice of the Debtor's chapter 7 filing on February 18 or 19. [bc dkt. 7] This notice [Official Bankruptcy Form 309A] included notice that the §341(a) meeting of creditors would be March 18, 2016 and that the deadline to "challenge whether certain debts are dischargeable" was May 17, 2016. [bc dkt. 7 at ¶7, ¶9] On March 2, 2016, Mr. Spitz filed a request for notice on behalf of the Plaintiff in the Debtor's chapter 7. [bc dkt.15] On April 29, 2016, the Plaintiff's bankruptcy counsel Donna Dishbak filed a request for courtesy notice in the Debtor's chapter 7 case. [bc dkt. 22]

Debtor's Motion to Dismiss

The Debtor moves to dismiss this adversary proceeding under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, because the complaint commencing this proceeding was filed after the deadline set by Rule 4007(c) for complaints to determine dischargeability under Bankruptcy Code §523(a)(2), (a)(4), and (a)(6). This deadline is 60 days after the first §341(a) meeting on March 18, 2016, which was May 17, 2016. The complaint was filed on May 19, 2016.

The Plaintiff and her counsel received notice of the chapter 7 filing, including

-2-

notice of the deadline for filing dischargeability complaints. Furthermore, both of the Plaintiff's counsel filed requests for notice in the chapter 7, in each case well prior to that deadline. Thus, there is no question that the Plaintiff had notice of the Debtor's chapter 7 in time to file a complaint before the May 17 deadline.

Courts are split as to whether a court loses jurisdiction to hear a nondischargeability complaint filed after the deadline. Courts within the Ninth Circuit have held that the rule is subject to doctrines of waiver, equitable tolling, and estoppel (thereby implying that it is not jurisdictional). However, none of these doctrines are applicable to this situation where the Plaintiff clearly had notice well before the deadline and the issue has been raised in this motion to dismiss.

The other defendants are corporations, which cannot receive a discharge in any event, so a §523(a) action is meaningless against them. Furthermore, this Court lacks personal jurisdiction over these defendants.

Opposition

The Plaintiff opposes and asserts that "[e]xtraordinary factors suddenly intervened which lead [sic] to the complaint being filed 2 days after the deadline." [dkt. 17, 3:7] Alternatively, excusable neglect can be considered. The Plaintiff also wishes to conduct a 2004 exam to ascertain if a §727(d) action to revoke discharge has any factual basis. That deadline does not expire until May 2017.

As to the inclusion of the corporate defendants, "such defendants were named so as to potentially enforce any judgment against such alter egos of the Debtor."

As to extraordinary circumstances, Courts allow this, typically when the circumstances are out of the hands of the respondent. Anwar v. Johnson, 720 F.3d

1183 (9th Cir. 2013). Here there were "very personal life and death matters in the life of the Plaintiff's attorney, which were both sudden and unexpected and are tantamount to an act of god." These were so severe that they were not just excusable neglect, although that should be available under Fed. R. Bankr. P. 9024.

Respondent then goes into an extensive analysis as to why the Court can apply excusable neglect in this case even though the Ninth Circuit Bankruptcy Appellate Panel has ruled otherwise: In re Santos, 112 B.R. 1001 (B.A.P. 9th Cir. 1990).

Finally, Ms. Dishbak asks for leave to amend to add a cause of action under §727 within one year after entry of the discharge. She wishes to take a 2004 examination to ascertain evidence to support this cause of action.

Reply

Anwar v. Johnson, in fact, stands for the proposition that there is no equitable exception from Rule 4007(c)'s filing deadline. The fact that the plaintiff filed only an hour late and had difficulty with the electronic filing system was irrelevant in that case. The Plaintiff latches onto the partial phrase "absent unique and exceptional circumstances" but that phrase was not part of the court's holding.

The burden of establishing an equitable exception is on the Plaintiff and Ms. Dishbak does not describe her "unique and exceptional circumstances." Debtor's counsel must be informed of these circumstances for the Debtor to have an opportunity to defend himself.

The Plaintiff had hired a bankruptcy attorney prior to the Debtor's filing: Ms. Dishbak had ample time to prepare and file a non-dischargeability complaint. Four days prior to the Rule 4007(c) deadline, Debtor's counsel had a networking lunch with

Ms. Dishbak, who appeared relaxed. It appears that the catastrophic event occurred after that lunch. A solo practitioner, like Ms. Dishbak, who procrastinates until the statute of limitations is upon them unnecessarily courts danger: Ms. Dishbak's failure to meet the deadline is her own fault.

Rule 60 cannot be used to excuse non-compliance with the Rule 4007(c) deadline. Rules 4007(c) and 9006(b) make it quite clear that the deadline to file a non-dischargeability complaint may be extended only by a request for cause made within the original period and the Court has no discretion to order otherwise. Rule 60 cannot be used as an "end run" around this requirement.

Even if Rule 60(b) were applicable, the Plaintiff has not stated adequate grounds for relief. First, Rule 60(b) provides relief from judgments, orders, or proceedings, there is no judgment or order here. Second, the Plaintiff has not stated any cause for relief: Debtor has not seen any evidence and in any event Ms. Dishbak's procrastination was *per se* negligence.

Whatever cataclysmic event occurred, it was not an "act of god," which might possibly excuse her late filing. In a decision dealing with a late-filed claim, In re Edelman, 237 B.R. 146 (B.A.P. 9th Cir. 1999), the B.A.P. held that Rule 9006(b)(3) does not recognize an act of god exception (in response to a lawyer's argument that he was prevented from reaching his office for a week after the Northridge earthquake). In any event, acts of god are defined by case law and are extraordinary events of nature that have widespread impact. With all due respect, Ms. Dishbak's personal matters do not meet that definition.

There is no basis for allowing the Plaintiff to amend her complaint to bring a denial of discharge action. The deadlines to object to discharge under Rule 4004(b)(1)

and (b)(2) have expired. It is far too late for the Plaintiff to conduct a Rule 2004 exam (as she argues she would like to do) to determine if there are grounds for denial of discharge. Even if there were cause to extend the time to file a complaint for denial of discharge, a request for extension must be made by motion, not in an opposition to another motion.

Debtor also filed the declaration of his Superior Court counsel, Monica Mihell, who stated that she discussed the possibility of the Debtor's filing for bankruptcy relief at a Feb. 8, 2016 mandatory settlement conference in the Superior Court action, at which the Plaintiff and Mr. Spitz were present and participating. Ms. Mihell was told by Mr. Spitz and/or the Plaintiff that, in the case of such a bankruptcy, they would file a complaint for non-dischargeability. This complaint was mentioned by Plaintiff's counsel at least one more time and, thus, had been under contemplation since at least February 2016.

Supplemental Order

On August 30, 2016, the Court issued its tentative ruling at the hearing on the motion:

> Although it is hard to imagine something personal to Ms. Dishbak that would qualify under the strict standard set forth by <u>Anwar</u>, the Court has no information as to what she asserts was the reason for the late filing. Thus, she is to provide the Court with a declaration and any other relevant evidence. This can be sent or delivered to my chambers. It is not to be filed at this time. Once I have reviewed it, I will file it under seal. If I rule that it does not meet the standard to accept this complaint, it will remain under seal and Mr. Garber will not have access unless Ms. Dishbak files an appeal of my ruling. If, after I review the declaration, etc. I do rule in Plaintiff's favor or if Ms. Dishbak takes an appeal from my determination that it does not provide a defense to this motion, I will place the material under seal, but will grant access to Mr. Garber if (and when) he signs a confidentiality agreement.
>
> As to relief under Fed. R. Civ. P. 60(b), pursuant to Fed. R. Bankr. P. 9024, the Plaintiff admits in the Opposition that the Ninth Circuit Bankruptcy

Appellate Panel has ruled that excusable neglect under Rule 60(b) is not available to extend the Rule 4007(c) deadline for filing a nondischargeability complaint. Schunck v. Santos (In re Santos), 112 B.R. 1001 (9th Cir. B.A.P. 1990); Osborn v. Ricketts (In re Ricketts), 80 B.R. 495 (9th Cir. B.A.P. 1987); DeLesk v. Rhodes (In re Rhodes), 61 B.R. 626 (B.A.P. 9th Cir. 1986).  This Court does consider itself bound by these published decisions of the B.A.P.  The Plaintiff argues that these BAP decisions rely on a mistaken interpretation of the Ninth Circuit decision in In re Magouirk, 693 F.2d 948 (9th Cir. 1982). This argument is mistaken: while Magouirk did hold that excusable neglect in failing to file a timely nondischargeability complaint should be evaluated under the standards applied to Rule 60(b), it did so under the old bankruptcy rules, which gave the bankruptcy judge ample discretion to extend the time to file a nondischargeability action.

As to seeking to amend this complaint to add a cause of action under §727(d), that must be filed as a separate complaint.

As to dismissing the corporate defendants, that motion is granted.  They are not Debtors in this court and even if they were, they are not entitled to a discharge.

Pursuant to this ruling, Ms. Dishbak provided the Court with a supplemental declaration.  On November 9, 2016, the Court filed the declaration under seal and entered its order that Mr. Garber would have access to the declaration upon signing a confidentiality agreement.  This was done and on or about January 13, 2017 Mr. Garber filed his reply under seal.

Without giving details, the basis of the opposition to the motion to dismiss is that Ms. Dishbak had a preexisting condition that was again triggered by a health problem within her family.  Although she continued to represent her clients, attend programs, make court appearances, etc., she was not fully competent to do so and was not aware of this at the time.  She also believed that her filing of the complaint was timely and did not realize the problem until afterward.  Further, she had no reason to delay the filing of the complaint because it was based on the state court complaint and did not have to be created from scratch.

Mr. Garber's reply again gives citations as to why Ms. Dishbak's "excuse" does not meet the requirements of Ninth Circuit law.  He also requests back-up documents to

support her factual statements.[1]

Analysis

This proceeding seeks a determination that the Plaintiff's claims against the Debtor are non-dischargeable under Bankruptcy Code §523(a)(2), (a)(4), and/or (a)(6). Thus, it is governed by §523(c). Rule 4007(c) sets the deadline for filing a complaint under §523(c): 60 days after the first §341(a) meeting.

> **(c) Time for filing complaint under § 523(c) in a chapter 7 liquidation, chapter 11 reorganization, chapter 12 family farmer's debt adjustment case, or chapter 13 individual's debt adjustment case; notice of time fixed**
> Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007[2]. Rule 9006(b)(3) requires that any extension of that 60-day period only be granted pursuant to Rule 4007(c), *i.e.,* by motion made before the 60-day period had elapsed. In this case, there is no dispute that May 17, 2016 was the last day to file a complaint under Rule 4007(c), that Plaintiff had an appropriate amount of notice of the case and this deadline, that the Plaintiff had not sought an extension of the time to file a complaint under §523(c) by May 17, 2016, and that the complaint was filed on May 19, 2016. Thus, the Plaintiff is seeking to be excused from the deadline or a

---

[1] The Debtor's Sur-Reply, Evidentiary Objections, and Supplement Request for Judicial Notice, each filed on January 27, 2017, are not referred to herein because the Court did not consider them in its analysis.

[2] Fed. R. Bankr. P. 4007, promulgated in 1983, superseded Rule 409 and dropped the portion of Rule 409(a)(2), which had provided: "The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to §17c(2) of the Act. The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph." This was modified by Interim Bankruptcy Rule 4003 to change the reference from §17c(2) of the Act to read as a reference to §523(c) of the Code.

retroactive extension of the deadline.

However, under Rules 4007(c) and 9006(b)(3), the deadline for filing a complaint under §523(a)(2), (a)(4), and/or (a)(6) is strictly enforced:

> Thus, by its terms, the rule requires creditors such as Anwar to file nondischargeability complaints within sixty days of the creditors' meeting. A creditor may move to extend the deadline for cause—as Anwar successfully did once—but "[t]he motion shall be filed before the time has expired." Id. Reinforcing the statement that creditors must move for extensions of FRBP 4007(c)'s filing deadline before the time for filing has expired, FRBP 9006(b)(3) states that bankruptcy courts may extend this deadline "only to the extent and under the conditions stated in" FRBP 4007(c) itself. Fed. R. Bankr. P. 9006(b)(3). This requirement distinguishes FRBP 4007(c)'s deadline from most others set by the bankruptcy rules, which bankruptcy courts may extend at any time upon a showing of good cause or excusable neglect. Fed. R. Bankr. P. 9006(b)(1).
> Consistent with the plain language of FRBP 4007(c) and 9006(b)(3), we have repeatedly held that the sixty-day time limit for filing nondischargeability complaints under 11 U.S.C. § 523(c) is "strict" and, without qualification, "cannot be extended unless a motion is made before the 60–day limit expires." In re Kennerley, 995 F.2d at 146 (citing Anwiler v. Patchett (In re Anwiler), 958 F.2d 925 (9th Cir.1992)); see also, e.g., Classic Auto Refinishing, Inc. v. Marino (In re Marino), 37 F.3d 1354, 1358 (9th Cir.1994); Jones v. Hill (In re Hill), 811 F.2d 484, 486 (9th Cir.1987). Accordingly, Anwar was not entitled to a retroactive extension of the filing deadline based on equitable considerations or a local rule of bankruptcy procedure that purports to grant the bankruptcy court discretion to excuse untimely filings.

Anwar v. Johnson, 720 F.3d 1183, 1186–87 (9th Cir. 2013); *see also* Willms v. Sanderson, 723 F.3d 1094, 1103 (9th Cir. 2013); Allred v. Kennerley (In re Kennerley), 995 F.2d 145, 146 (9th Cir. 1993). Thus, the Court is prohibited from retroactively extending the deadline (or otherwise excusing the late filing) based on "excusable neglect" or other equitable grounds.  *See* Kelly v. Gordon (In re Gordon), 988 F.2d 1000 (9th Cir. 1993)(excusable neglect under Rule 60(b) is not available to extend the Rule 4007(c) deadline for filing a nondischargeability complaint); Schunck v. Santos (In re Santos), 112 B.R. 1001 (B.A.P. 9th Cir. 1990)(same); Osborn v. Ricketts (In re Ricketts), 80 B.R. 495 (B.A.P. 9th Cir. 1987)(same).

The Plaintiff argues that these B.A.P. decisions rely on a mistaken interpretation

of the Ninth Circuit decision in Fasson v. Magouirk (In re Magouirk), 693 F.2d 948 (9th Cir. 1982). This argument is mistaken. While Magouirk did hold that excusable neglect in failing to file a timely nondischargeability complaint should be evaluated under the standards applied to Rule 60(b), it did so under the old bankruptcy rules, which gave the bankruptcy judge ample discretion to extend the time to file a nondischargeability action using an "excusable neglect" standard. *See, e.g.,* Herndon v. De la Cruz (In re De la Cruz), 176 B.R. 19 (B.A.P. 9th Cir. 1994).

However, the Ninth Circuit in Anwar and Willms does leave room to excuse late filing in "unique or extraordinary circumstances" or perhaps in "unique and exceptional circumstances":

> We acknowledge that the U.S. Supreme Court has not expressly addressed whether FRBP 4007(c)'s filing deadline admits of any equitable exceptions and that lower courts are divided on the issue. We need not, and do not, reach the question of whether external forces that prevented any filings—such as emergency situations, the loss of the court's own electronic filing capacity, or the court's affirmative misleading of a party—would warrant such an exception.

Anwar, 720 F.3d at 188 n.6.

> On occasion, we have suggested that " 'unique' or 'extraordinary' circumstances" might allow an untimely § 523(a)(2) complaint to stand. Kennerley, 995 F.2d at 147; *see also* Anwar, 720 F.3d at 1188 ("[A]bsent unique and exceptional circumstances ..., we do not inquire into the reason a party failed to file on time in assessing whether she is entitled to an equitable exception from [Bankruptcy Rule] 4007(c)'s filing deadline...."). But "the validity of the doctrine remains doubtful" and "would appear to be limited to situations where a court explicitly misleads a party." Kennerley, 995 F.2d at 147–48

Willms, 723 F.3d at 1103.

It is important to note that the Ninth Circuit is merely leaving open the *possibility* that unique ["and" or "or"] extraordinary [or exceptional] circumstances might excuse the late filing of a §523(c) complaint. In some cases, courts have called it doubtful or noted it appears to be limited to situations where the court misled a party. Other cases like

Case 1:16-ap-01077-GM    Doc 32    Filed 02/01/17    Entered 02/01/17 12:18:38    Desc
Main Document    Page 11 of 13

Anwar, however, have not limited the "unique circumstances doctrine" to court misfeasance. Anwar, 720 F.3d at 188 n.6 ("emergency situations, the loss of the court's own electronic filing capacity, or the court's affirmative misleading of a party"); Wasney v. Schwartz (In re Schwartz), 592 F. App'x 605, 605–06 (9th Cir. 2015)("that an emergency situation prevented the filing, or that a court explicitly misled him").  This has led the Ninth Circuit B.A.P. to recently describe the doctrine as being "in a state of flux" and "unsettled." Radakovich v. Wilson (In re Radakovich), 2014 WL 4676009, at *6–7 (B.A.P. 9th Cir. Sept. 19, 2014).

Although Rule 60(b)(6) is not directly applicable to extensions of Rule 4007(c)'s 60-day period, it also provides relief only in "extraordinary circumstances."  Such extraordinary circumstances have included an attorney's disability preventing him from representing his client in any meaningful way. As explained by the Second Circuit:

> In Vindigni v. Meyer, 441 F.2d 376 (2d Cir. 1971), relief was justifiable where there was "the unusual fact of the complete disappearance of plaintiff's attorney." Id. at 377. In the present case we have the possibly unique fact of what we may term the "constructive disappearance" of defendants' attorney, who was allegedly suffering from a psychological disorder which led him to neglect almost completely his clients' business while at the same time assuring them that he was attending to it, and who had made himself unavailable even to the trial judge.
> It is this behavior of Newman which in part sets this case apart from Link v. Wabash Railroad Co., 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962). In Link, which was not a Rule 60(b) case, the Supreme Court, by a vote of four to three, affirmed the district court's sua sponte dismissal of a diversity negligence action for failure to prosecute. Justice Harlan, writing for the Court, found that:
>> There is certainly no merit to the contention that dismissal of petitioner's claim because of the counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."
> Smith v. Ayer, 101 U.S. 320, 326, 25 L. Ed. 955.370 U.S. at 633-34, 82 S.Ct. at 1390. But the Court noted that there was nothing "to indicate that counsel's

> failure to attend the pretrial conference was other than deliberate or the product of neglect." Id. at 636, 82 S. Ct. at 1391. Such was not the case here. Newman's default was not the result of his having taken on too many cases to give proper attention to this one (see Schwarz v. United States, 384 F.2d 833, 836 (2d Cir. 1967); Cline v. Hoogland, 518 F.2d 776, 778 (8th Cir. 1975)); but instead was engendered by a mental illness which manifested itself to his clients only after they had relied on him for months.
>
> As to the conduct of the Ciramis, they allege reasonable attempts by them and others on their behalf, as well as attempts by Judge Bruchhausen, to contact Newman. We note incidentally that on the papers before us these Rule 60(b) movants do not appear to have been themselves neglectful. If they had been, their motion would be cognizable not under Rule 60(b)(6) but under Rule 60(b)(1). Certainly, their conduct is not explainable as "inadvertence, indifference, or careless disregard of consequences," Klapprott v. United States, supra, 335 U.S. at 613, 69 S. Ct. at 389; quite the contrary, their "allegations set up an extraordinary situation which cannot fairly or logically be classified as mere neglect on (their) part." Id. And cf. L. P. Steuart, Inc. v. Matthews, 117 U.S. App. D.C. 279, 280, 329 F.2d 234, 235 (D.C.Cir. 1964), where a successful Rule 60(b)(6) movant, whose former counsel filed an affidavit that he had been "beset with personal problems," "made affidavit that he (movant) and others in his behalf, made 'numerous inquiries of' his former counsel who 'refused to answer such inquiries' and assured (movant) 'from time to time' that 'the case was proceeding and that settlement of it would be made soon.' "

United States v. Cirami, 563 F.2d 26, 34–35 (2d Cir. 1977).

The Ninth Circuit has also found that such virtual abandonment of a client can constitute "extraordinary circumstances" justifying relief:

> Having held that an attorney's gross negligence may constitute "extraordinary circumstances" under Rule 60(b)(6), we now proceed to apply this rule to the case at hand. Upon review of the record, it is clear that in this case "extraordinary circumstances" justify the granting of relief from the default judgment. Salmonsen virtually abandoned his client by failing to proceed with his client's defense despite court orders to do so.

Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1170 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Apr. 24, 2002). See also DeBonavena v. Conforte, 88 F.R.D. 710 (D. Nev. 1981), a case decided under Rule 60(b)(6), for the proposition that depression can be a legitimate reason for an attorney's failure to adhere to a filing deadline.

Thus, the question is whether the interpretation of the phrase "extraordinary

circumstances" as used in Rule 60(b) is applicable to the Ninth Circuit's holdings in Anwar and Willms under Rules 4007(c) and 9006(b)(3).  There are only a few examples when the late filing was allowed under Rules 4007(c) and 9006(b)(3): each case involved court error.  In Anwiler, the untimely filing was due to reliance on an incorrect notice from the court.  In Shrag, it was due to a technical problem with the court's CM/ECF filing system (even though the attorney waited until the last moment to do the filing and if he had started earlier in the day it would have been timely filed). In Wilzig v. Lopez (In re Lopez), 192 B.R. 539 (B.A.P. 9th Cir. 1996), the court sent an erroneous notice that the creditor relied on.  Accordingly, this Court has no basis to apply Rule 60(b)'s more lenient "extraordinary circumstance" exception to missed deadlines (which often includes "excusable neglect") to a failure to timely file a §523(a) complaint as required under Rule 4007(c).

While the Court sympathizes with Ms. Dishbak and problems that she faced and the Court also wishes that it had the discretion that existed prior to 1983, the circumstances of this case simply do not meet the test of "unique" or "extraordinary" or "exceptional" circumstances as defined by the Ninth Circuit Court of Appeals.  Thus, the motion to dismiss is granted in its entirety.

###

Date: February 1, 2017

Geraldine Mund
United States Bankruptcy Judge